## McALLISTER et v HOLOWECKI

Ohio Appeals, 9th Dist, Lorain Co

No. 504. Decided October 4, 1929

Messrs. Stetson & Butler, Elyria, for McAllister et.

Messrs. J. W. DeCumbe, Cleveland, and Anthong Nieding, Elyria, for, Holowecki.

WASHBURN, J.

It is apparent that the action is one at law to recover damages for the breach of a contract, and it is fundamental that Holowecki's right to recover on such a cause of action depended upon his ability to prove that he had duly performed all of the conditions upon his part to be performed, and that the contract was breached by McAllister.

On June 11, 1927, the parties met and Holowecki decided to purchase the farm from McAllister and paid $50 to bind the bargain, receiving a receipt therefor signed by McAllister; and then on June 13, 1927, the parties again met and Holowecki paid to McAllister $450, and a formal contract was entered into, in which Holowecki agreed to pay the balance of the purchase price, $7180, on July 1, 1927, at which time McAllister agreed to deliver to Holowecki a deed and abstract of the property. The parties did not meet on July 1, nor until July 6, when McAllister had the abstract and had made arrangements with a notary public to draw the deed, and on that day Holowecki appeared at the home of McAllister prepared to pay the balance and close the deal. He had with him a real estate broker who was to pass upon the sufficiency of the abstract for him. The broker did not approve of the abstract and suggested that McAllister furnish a certificate of title or a title insurance policy from the Guarantee Title & Trust Co., and that suggestion being agreeable to the parties, it was agreed that they should meet again after such certificate had been obtained.

While at this time Holowecki was ready to pay the money and take the property if the abstract was satisfactory, there was no breach of the contract by either party. McAllister had a good title and was willing to convey it and accept the money, but Holowecki was not satisfied with the abstract, and their conduct and agreement at that time was such that neither party could claim that the other had breached the contract.

Thereafter, McAllister sent word to Holowecki that he had the certificate of title, and on July 14 Holowecki wrote a letter to McAllister acknowledging receipt of that information and asking that the certificate of title be transmitted to him to determine whether or not the same was satisfactory.

On July 28, McAllister and Holowecki and their wives and the brother of Holowecki met at the office of Holowecki's broker, and McAllister produced the certificate of title, which the broker pronounced satisfactory, and Holowecki, being informed that McAllister was there, ready, able and willing to execute the deed and carry out the contract, said that he did not want the property then—that he had changed his mind; and he thereupon demanded the return of the $500 which he had paid, which was refused, and he later brought this action.

Upon Holowecki's own testimony, it is apparent that there was no breach of contract by McAllister at the July 6 meeting, and there is no claim that he breached the contract at the July 28 meeting. Holowecki having failed to establish a breach of the contract by McAllister, cannot, of course, recover damages for a breach which did not occur.

Can he recover any part of the money paid, upon the theory that there was a rescission of the contract?

It is a sufficient answer to such a claim to say that this is not an action to recover money paid upon a contract which has been rescinded; there is no claim in the pleadings, nor is there any evidence tending to prove, that there was a rescission, mutual or otherwise, of the contract; Holowecki's refusal to close the deal and request for the return of his money may be construed as an offer to rescind but such offer was promptly rejected by McAllister.

Holowecki, then, cannot recover in this action for a breach which did not occur, nor upon a recission which did not take place.

It is claimed, however, that because of certain terms in the contract, McAllister has no right to retain more than $50 of the $500 paid, and that therefore Holowecki is entitled to recover back $450, even though McAllister did not breach the contract and Holowecki did. That provision of the contract reads—

"And it is further agreed, between the parties hereto, that the party that shall fail to perform this agreement on their part, shall pay to the other the full sum of $50, as liquidated damages."

While we do not regard the mere use of the words "liquidated damages" as necessarily limiting the party's right to recover damages to the amount of $50, still, if that be the effect of the use of such words in this case, and Holowecki, if sued, could be made to pay only $50 for his breach of the contract, how does that enable him to recover from McAllister, in an action for damages? And if it does give him a right to recover damages, is he not limited to the $50 stipulated as liquidated damages?

We do not think that said provision of the contract enables Holowecki to recover damages in any amount in an action at law for a breach of the contract, where there is no breach, except by himself, nor does it enable him to recover in an action as upon rescission when no rescission is claimed or proved.

The pleadings presented issues triable to a jury, and if the case had been tried to a jury, the trial judge would have had to charge the jury that if Holowecki failed to prove that McAllister had breached the contract, the verdict should be for McAllister, and such should have been the judgment when the case was tried to the court.

For error in rendering judgment for Holowecki, when it should have been for

McAllister, the judgment of the Common Pleas Court is reversed; and proceeding to render the judgment which that court should have rendered, the petition of Holowecki is dismissed at his costs.

Funk, PJ, and Pardee, J, concur.